■ Sheila J. Brown et al., Appellants, v Jay M. Bauman, M.D., Defendant, and Dorothy A. Przydzial, M.D., et al., Respondents. [876 NYS2d 644]—

Judgment, Supreme Court, Bronx County (Mark Friedlander, J.), entered August 5, 2008, granting summary judgment dismissing the complaint against defendants Przydzial and Mount Sinai, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 8, 2008, granting the motion for summary relief, unanimously dismissed, without costs, as subsumed in the appeal from judgment.

Plaintiff patient alleges medical malpractice injury during childbirth. In an earlier ruling, we held that defendant Bauman, the OB/GYN, was not negligent by reason of his failure to attend the patient personally. We found no evidence of causation by him based on the speculative allegation that if the patient had been properly examined, a "third/fourth degree laceration" would have been found; the efforts of plaintiffs' experts at " 'reasoning back' from the fact of injury to find negligence"

amounted to "[h]indsight reasoning" that was "insufficient to defeat summary judgment" (42 AD3d 390, 392 [2007]).

In granting summary dismissal herein, the court found the same fatal flaws in plaintiffs' case as to the remaining defendants. Plaintiffs' theory is that crucial nerves in the patient's sphincter were severed. Her perineal tear could not have caused her injuries unless it at least partly severed the sphincter, yet plaintiffs failed to refute the defense demonstration that a second-degree tear would not have extended into that muscle. Even assuming a relationship between the delivery and a weakening of the patient's mid-anal canal wall, plaintiffs did not offer proof of a causal connection between such possible weakening and any allegedly negligent act of the remaining defendants. Plaintiffs' express theory is that the weakening resulted from the remaining defendants' improper evaluation and negligently performed repair of the perineal laceration suffered during delivery. There is no explanation of how proper detection and repair of a tear—even assuming it was "substantial"—would have led to the detection of a weakening in the mid-anal canal and referral of the patient to a colorectal surgeon.

No issue of fact is raised by plaintiffs' allegation of lack of informed consent. Concur—Andrias, J.P., McGuire, Acosta and DeGrasse, JJ.